# UNITED STATES DISTRICT COURT

### Western District of Arkansas

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br><br>JOSHUA CLAY WARD | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JUDGMENT IN A CRIMINAL CASE

Case Number:  6:18CR60026-001

USM Number:  15198-010

Williams O. James
_____
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s)  One of the Indictment on June 12, 2019.

☐ pleaded nolo contendere to count(s)  _____
which was accepted by the court.

☐ was found guilty on count(s)  _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2244(a)(5) | Abusive Sexual Contact with a Child Under Twelve (12) Years Old | 06/05/2018 | 1 |

    The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)  _____

☐ Count(s)  _____  ☐ is  ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 5, 2020
_____
Date of Imposition of Judgment


/s/ Susan O. Hickey
_____
Signature of Judge


The Honorable Susan O. Hickey, Chief United States District Judge
_____
Name and Title of Judge


March 10, 2020
_____
Date

DEFENDANT:         JOSHUA CLAY WARD
CASE NUMBER:       6:18CR60026-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a
total term of:      **sixty (60) months, with credit for time served in federal custody.**

☒  The court makes the following recommendations to the Bureau of Prisons:
    That the defendant be allowed to participate in an appropriate alcohol or drug abuse program.
    That the defendant be designated to FCI Texarkana.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____  ☐  a.m.  ☐  p.m.   on  _____  .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____  .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____  , with a certified copy of this judgment.

_____
                                                        UNITED STATES MARSHAL

By  _____
                                                        DEPUTY UNITED STATES MARSHAL

DEFENDANT:        JOSHUA CLAY WARD
CASE NUMBER:      6:18CR60026-001

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  **ten (10) years.**

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you
        pose a low risk of future substance abuse. (check if applicable)

4.  ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.  ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:        JOSHUA CLAY WARD
CASE NUMBER:      6:18CR60026-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____        Date _____

Judgment—Page ___5___ of ___7___

DEFENDANT:        JOSHUA CLAY WARD
CASE NUMBER:      6:18CR60026-001

## SPECIAL CONDITIONS OF SUPERVISION

1.  Except for purposes of employment, the defendant shall not possess, use, or have access to a computer or any other electronic device that has Internet or photography capabilities, without prior advance notice and approval of the United States Probation Office.  Reasonable requests with appropriate then-current technology monitoring software should not be denied, and any costs incurred will be paid by the defendant.

2.  The defendant shall submit his person, residence, and/or vehicle(s), papers, computer, other electronic communication or data storage devices or media, and effects to searches which may be conducted at the request of the United States Probation Officer at a reasonable time and in a reasonable manner based upon reasonable suspicion of a violation of any conditions of release.  Failure to submit to a search may be grounds for revocation.

3.  The defendant shall submit to inpatient or outpatient substance abuse evaluation, counseling, testing, and/or treatment as deemed necessary and as directed by the United States Probation Officer.

4.  The defendant shall submit to inpatient or outpatient mental health evaluation, counseling, testing, and or treatment as deemed necessary and as directed by the United States Probation Officer.

5.  The defendant shall participate in a mental health program specifically related to sexual offender therapy.  The defendant shall enter, cooperate, and complete said program, if recommended by the service provider, and approved and directed by the United States Probation Officer.  He shall abide by all policies and procedures of the sex offender program.  During the course of sexual offender treatment, the defendant shall be subject to periodic and random polygraph examinations administered by the sex offender contractor or their designee.

6.  The defendant shall have no unsupervised contact with minors under the age of 18 without the written approval of the U.S. Probation Officer and refrain from entering any area where children frequently congregate including, but not limited to, schools, daycare centers, theme parks and playgrounds.

7.  The United States Probation Office shall have the authority and discretion to install appropriate technology on all of the defendant's Internet-capable devices so that Internet usage may be tracked to detect access to illegal pornography. Defendant shall pay any associated costs.

8.  The defendant shall have no contact with the victims (including letters, communication devices, audio or visual devices, visits, or any other contact through a third party) without prior written consent of the United States Probation Officer.

DEFENDANT:          JOSHUA CLAY WARD
CASE NUMBER:        6:18CR60026-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 426.20 | $ 0.00 | 0.00 | 0.00 |

☐ The determination of restitution is deferred until_____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Jeanette Odom<br>106 North Valley Street<br>Red Oak, TX 75154 | | 426.20 | |

| TOTALS | $ _____ | $ _____426.20 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page ___7___ of ___7___

DEFENDANT: **JOSHUA CLAY WARD**
CASE NUMBER: **6:18CR60026-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ __526.20__ due immediately, balance due

     ☐ not later than _____ , or
     ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

     If not paid immediately, any unpaid financial penalty shall be paid by the defendant during his term of imprisonment at a rate of up
to 50% of the defendant's available funds, in accordance with the Inmate Financial Responsibility Program. During residential
reentry placement, payments will be 10% of the defendant's gross monthly income. The payment of any remaining balance shall
become a condition of supervised release and shall be paid in monthly installments of not less than $100 or 15% of defendant's net
monthly household income, whichever is greater, with the entire balance to be paid in full no later than one month prior to the end of
the period of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Case Number
     Defendant and Co-Defendant Names                               Joint and Several          Corresponding Payee,
     *(including defendant number)*         Total Amount                 Amount                   if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5)
fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution
and court costs.