IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                          Case No. 6:18-cr-60026

JOSHUA CLAY WARD                                                                         DEFENDANT

## ORDER

Before the Court is Defendant Joshua Clay Ward's Motion to Reduce Sentence. ECF No. 49. The Government has responded. ECF No. 52. The Court finds the matter ripe for consideration.

## I. BACKGROUND

On October 17, 2018, Defendant was indicted on one count of abusive sexual contact with a minor under age 12 in violation of § 18 U.S.C. 2244(a)(5). ECF No. 1. Defendant subsequently pled guilty to the one count in the indictment. ECF No. 28. On March 10, 2020, Defendants was sentenced to sixty (60) months imprisonment, ten (10) years of supervised release, a $100 special assessment, and restitution in the amount of $426.20. ECF No. 43.

On September 12, 2022, Defendant filed his initial *pro se* Motion for Compassionate Release. ECF No. 45. Defendant argues that the unavailability of any transitional halfway house for the end of his sentence and his parents' need for assistance on their farm justifies early release. *Id*. The Court subsequently appointed the Federal Public Defender to represent Defendant for his request for release. ECF No. 46. On November 29, 2022, Defendant filed his supplemental Motion to Reduce Sentence, seeking compassionate release pursuant to Section 603 of the First Step Act of 2018 ("FSA"). ECF No. 49. Defendant generally argues that lack of an opportunity to participate in a transitional program for which he is eligible, combined with his family's pressing

needs, creates circumstances justifying his release from confinement. The Government responded in opposition, generally arguing that Defendant has presented no reason that justifies early release from confinement and that his criminal history should prevent his release regardless. ECF No. 52.

## II. DISCUSSION

Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Before an analysis of those factors can begin, the Court must determine if Defendant has exhausted all administrative remedies available. 18 U.S.C. § 3582(c)(1)(A).

### A. Exhaustion of Administrative Remedies

The FSA provides two avenues for a defendant to bring a compassionate release motion to a district court. The defendant may either file a motion once he "has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring the motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

The Bureau of Prisons ("BOP") has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility in which the defendant is housed. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask

the United States Attorney in the applicable judicial district to file a compassionate release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b)-(c). Failure to exhaust the administrative remedies available with the BOP forecloses the consideration of any motion for compassionate release on its merits. *See U.S. v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).

In this matter, Defendant asserts that he requested release from his warden on May 28, 2022 and did not receive any response before thirty days elapsed. ECF No. 49, p. 3. The Government does not contest that Defendant has exhausted his administrative remedies and is therefore eligible to file his request for relief directly with the Court. ECF No. 52, p. 7-8. Accordingly, the Court finds that Defendant has exhausted his administrative remedies and his request for release may be evaluated on the merits.

### B. Extraordinary and Compelling Reasons

Pursuant to the FSA, the Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant

alone" is insufficient. 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A).[1] This policy statement limits "extraordinary and compelling reasons" to only include the following four circumstances:

(A) Medical Condition of the Defendant. –

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

---

[1] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement. This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA. *See* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion). Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the pre-FSA policy statement or if courts can look beyond those examples. However, the Eighth Circuit has determined that the policy statement, while not binding, cannot be ignored and should provide guidance on what constitutes "extraordinary and compelling" reasons. *See U.S. v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). Meanwhile, other Circuits have determined that the policy statement is inapplicable to inmate requests for relief and that the court must determine for itself what is an "extraordinary and compelling" reason. *See e.g.*, *United States v. Brooker(Zullo)*, 976 F.3d 228, 236 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020).

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances. –

      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

   (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

    Defendant argues that the unavailability of transitional housing prior to his release and his aging parents' need for assistance on their farm creates extraordinary and compelling reasons that permit his release from confinement. ECF No. 49, p. 5-7. As to his family circumstances, Defendant contends that his elderly parents are the sole operators of their chicken farm and that there are no other family members available to assist them and that his parents cannot afford to hire employees. Therefore, Defendant asserts that he is similar to the "only available caregiver" described for other scenarios in U.S.S.G. § 1B1.13 cmt. n.1(C)(ii) that justify release. Also, Defendant contends that the lack of any available halfway house that will accept him because of his status as a sex offender permits his early release from confinement. Defendant notes that he was eligible to transition to a halfway house starting in January 2023 for the remainder of his term of confinement ending in July 2023. Defendant further notes that 18 U.S.C. § 3624(c) directs the BOP to ensure that prisoners have a opportunity to spend a portion of their final months of imprisonment in an environment that will assist with their reentry into the community. Defendant

5

concludes that the absence of any such transition environment indicates that he should be released to begin his term of supervised release while residing with this parent.

The Government's response in opposition argues that Defendant has not presented any extraordinary or compelling circumstances that permit his early release from confinement. ECF No. 52, p. 8-12. The Government first notes that the Sentencing Guidelines only identify family situations in which the prisoner seeking release is the only available caregiver for a minor child as a circumstance that may justify release. The Government then argues that whatever burden that Defendant's current confinement places on his parents or siblings who might need to care for his parents are typical hardships that accompany a conviction and cannot justify early release. Regarding the unavailability of any transitional reentry housing for the end of his term of confinement, the Government notes that the BOP only has to ensure such a transitional stage of confinement "to the extent practicable." Therefore, the Government argues that Defendant's placement into a halfway house or home confinement for the end of his term of imprisonment is not required and that the lack of a transitional reentry period cannot be considered an extraordinary and compelling circumstances.

The Court finds that Defendant has failed to show that there are extraordinary and compelling circumstances justifying his release. The Sentencing Guidelines, which the Court must consult, do not indicate that a prisoner's need to care for a parent is one of the familial situations that may create circumstances justifying release. *See* U.S.S.G. § 1B1.13 cmt. n.1(C); *Marcussen*, 15 F.4th at 859. Also, Defendant offers little to support his assertions that his siblings are incapable of assisting his parents or that his parents are unable to afford hiring assistance for their farm operation. Defendant's motion later argues that he would have stability upon release because he would have steady employment to support himself while living and working on his family's farm,

which seems to contradict his assertion that his parents are unable to afford assistance with their farm. ECF No. 49, p. 10. Regarding the lack of access to any transitional reentry programs, the Government is correct that the BOP must only ensure access to such programs "to the extent practicable" and there is no statutory mandate that Defendant be placed in such a program. *See* 18 U.S.C. § 3624(c)(1)-(2). Defendant has not offered an argument as to why it is BOP's duty to guarantee that potential transitional halfway houses must accommodate prisoners who are sex offenders. Lastly, any transitional benefits of such a program appear to be less beneficial to Defendant because he knows he will reside with his parents upon release. Therefore, the Court cannot view the Defendants' arguments as having established that there are extraordinarily and compelling circumstances justifying early release from his term of confinement under U.S.S.G. § 1B1.13 cmt. n.1(C) or (D). Accordingly, Defendants has failed to show that his circumstances justify release under 18 U.S.C. § 3582(c)(1)(A)(i) and his motion must fail.

With Defendant failing to establish extraordinary and compelling circumstances, the Court finds it unnecessary to determine if the sentencing factors under 18 U.S.C. § 3553(a) or the safety factors under 18 U.S.C. § 3142(g) would support Defendant's early release from confinement.

### III. CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Compassionate Release (ECF No. 45) and Supplemental Motion to Reduce Sentence (ECF No. 49) should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 31st day of March, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge